```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY | CIVIL ACTION |
| VERSUS | NO. 12-2436 |
| REGIONS BANK, CENTURY SURETY COMPANY, AND EMAD ZAYED | SECTION "B" |

### ORDER

Before the Court is Defendant Century Surety Company's ("Century") Rule 12(B)(6) Motion to Dismiss (Rec. Doc. No. 11). Plaintiff Deutsche Bank National Trust Company ("DB"), as Trustee, for the Registered Holders of Impac Mortgage Pass-Through Certificates Series 2006-5, filed a Memorandum in Opposition to Century's Rule 12(b)(6) Motion to Dismiss. (Rec. Doc. No. 15). Century filed a response thereto. (Rec. Doc. No. 16).

For the reasons enumerated below, **IT IS ORDERED** that Defendant Century's Rule 12(B)(6) Motion to Dismiss is **GRANTED**, reserving all civil and criminal rights Plaintiff may have against other Defendants, alleged forgers.

Cause of Action and Facts of Case:

The lawsuit arises out of Century's payment of an insurance claim for roof damages to property owned by its insured, Diverse

1

Holdings, LLC ("Diverse"). (Rec. Doc. No. 11-2, at 2). The insurance contact at issue ("the policy") lists "Eddie Zayed d/b/a Diverse Holdings LLC" as the named insured (Rec. Doc. No. 15-1, at 2-3), and lists DB as the sole mortgage holder (Id., at 3). The claim was made by Zayed, on behalf of diverse. (Rec. Doc. No. 1, at 3). On September 21, 2011, Century issued a check to "EDDIE ZAYED DBA: DIVERSE HOLDINGS LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY" as payment for the damage to Diverse's property. (Id.). The check was issued on Century's account with Chase bank. (Id.). The check was delivered to Diverse or an agent thereof. (Id.). It is alleged that DB, a co-payee on the check, did not endorse the check, did not authorize Zayed or any other person to endorse the check, and has not received proceeds of the check. (Id., at 4). DB alleges that Zayed forged its endorsement on the check and deposited the proceeds of the check in his personal account at Regions Bank ("Regions") on October 6, 2011. (Id.). Regions accepted the check with the forged endorsement and then transferred the check to Chase, the payor bank, which paid the check with funds drawn on Century's account at Chase. (Id.). DB alleges that none of the proceeds of the Check have been used for repair of the Property or to pay down the indebtedness to DB. (Id.). On January 10, 2012, a demand was sent to Century to reissue the check because DB did not receive the funds due to an unauthorized, improper, and/or forged endorsement. (Id.). Century did not respond to the demand. (Id.).

Law and Analysis:

**I. Motion To Dismiss Standard**

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts

then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**II. Century's Liability**

The named insured on the insurance policy issued by Century Surety is "EDDIE ZAYED DBA DIVERSE HOLDINGS LLC." (See Rec. Doc. No. 15-1, at 2-3). Both plaintiff and defendant stipulate that Century issued a check to "EDDIE ZAYED DBA: DIVERSE HOLDINGS LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY." (See Rec. Doc. Nos. 11-2, at 2; 1, at 3). Thus, as Century issued the check to the named insured as listed on the policy,[1] Plaintiff's argument that Century did not issue a check to a valid payee fails. Furthermore, under LSA-R.S. 10:3-420, cmt.1 (1992), "[i]f a check is payable to more than one payee, delivery to one of the payees is deemed to be delivery to all of the payees." *See also, Northeast Bank v. Wells*

---

[1] Additionally, it appears that Eddie Zayed made the insurance claim on behalf of Diverse Holdings. (Rec. Doc. No. 1, at 3).

4

*Fargo Bank, N.A.*, Civ. No. 11-3233(JNE/JJG), 2012 WL 2721635, at *2 (D. Minn. July 9, 2012); *Graves v. Johnson*, 862 N.E.2d 716, 721 (Ind. Ct. App. 2007). Thus, when the check was delivered to Eddie Zayed, the named agent of Diverse Holdings LLC, the check was delivered to all of the payees.

Once an uncertified check is delivered to a valid payee and cashed, the obligation is discharged. LSA-R.S. 10:3-310(b).[2] Thus, under the general rule, when Century issued an uncertified check and it was cashed, its obligation was discharged.[3]

The question before the Court is whether once a payor has issued a check jointly to two valid payees and one of the payees fraudulently signs the other payee's name as an endorsement on the check and then cashes said check, the payor's obligations are discharged. Although our courts have not issued a decision directly on point, courts in other states have held that the payor is discharged of his obligations when he delivers a check to one of the valid payees even where a jointly payable check is sent to one

---

[2] "[I]f a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of instrument were taken...(2)Payment of the note results in discharge of the obligation to the extent of the payment."

[3] Other states have followed this rule. *See Graves*, 862 N.E.2d at 721 ("once a check is paid, it extinguishes the debt for which it is presented"); *Benchmark Bank v. State Farm Lloyds*, 893 S.W.2d 649, 651 (Tex. Ct. App. 1994) (holding that a drawer's obligation is discharged as a matter of law where a draft, properly issued to joint payees, is delivered, honored and paid).

co-payee and that co-payee embezzles the funds. *See Benchmark*, 893 S.W.2d at 649 (when payment of drafts is made out jointly to two payees and one allegedly forged the other payee's endorsement and presented the drafts for payment, the drawer's obligation is discharged as a matter of law).

In the case at bar, the Defendant issued a joint check to valid payees, delivered the check to one of the payees and that check was cashed. The obligation was discharged once the check was honored. Therefore, under the asserted facts, there is no legal cause of action against the defendant Century, but certainly one in civil and criminal law against alleged forgers.

New Orleans, Louisiana, this 15th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE